```
         IN THE UNITED STATES DISTRICT COURT
              FOR THE DISTRICT OF KANSAS
```

**COREY BROWN,**

                **Petitioner,**

  v.                                          CASE NO. 13-3078-SAC

**DAVID McKUNE, et al.,**

                **Respondents.**

## MEMORANDUM AND ORDER

Petitioner is incarcerated in the Kansas correctional system. This case is now before the court upon petitioner's application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The application shall be denied for the reasons which follow.

I. CASE HISTORY

Petitioner was charged in the state district court with two counts of attempted first-degree murder or, in the alternative, two counts of aggravated battery against a law enforcement officer. He was also charged with possession of marijuana, possession of cocaine, and criminal possession of a firearm. He was convicted of two counts of the lesser included offense of attempted second-degree murder, marijuana possession and criminal possession of a firearm. He was sentenced to 534 months. His convictions and sentence were affirmed upon direct

appeal. Petitioner has filed two state habeas motions pursuant to K.S.A. 60-1507. Each one was denied at the state district court level and on state court appeal.

## II. PETITIONER'S CLAIMS FOR RELIEF

Upon review of the original petition and the court's order partially granting petitioner's motion to amend the petition, the court has identified three claims for relief: 1) the charges of two counts of attempted first-degree murder or, in the alternative, two counts of aggravated battery against a law enforcement officer were identical and duplicative; 2) petitioner was subject to a "sentencing inequity" upon his convictions of attempted second degree murder; and 3) petitioner should have received a lesser sentence under the identical offense sentencing doctrine. The original petition also alleges ineffective assistance of counsel during collateral post-conviction proceedings. But, as the court indicated in the order partially granting petitioner's motion to amend, under 28 U.S.C. § 2254(i), habeas relief is not available on such grounds.[1] Doc. No. 19, p.1 n.1.

## III. PETITIONER'S MOTION FOR RECONSIDERATION AND MOTION FOR CONTINUANCE SHALL BE DENIED.

On August 26, 2014, the court granted in part petitioner's motion to amend the petition. Id. This action permitted

---

[1] Section 2254(i) provides: "The ineffectiveness or incompetence of counsel during Federal or State collateral post-conviction proceedings shall not be a ground for relief in a proceeding arising under section 2254."

petitioner to add the identical offense claim to the claims raised in the original petition. The court granted respondents time to file a supplemental response to the added claim and afforded petitioner time from the receipt of the supplemental response to file a supplemental traverse. Petitioner responded by filing a motion seeking reconsideration of this court's previous denial of petitioner's motion for appointment of counsel (Doc. No. 20) and a motion for continuance (Doc. No. 21). The motion for continuance requested either extra time for appointed counsel to address the court concerning the issues in the case, or, if counsel was not appointed, extra time for petitioner to react to the supplemental response from respondents.

   The court shall deny the motion for reconsideration for two reasons. First, petitioner offers inadequate grounds to reconsider the denial of petitioner's request for appointment of counsel. To prevail upon a motion for reconsideration, petitioner must demonstrate: 1) an intervening change in the controlling law; 2) new evidence previously unavailable, and 3) the need to correct clear error or prevent manifest injustice. <u>Servants of Paraclete v. Does</u>, 204 F.3d 1005, 1012 (10th Cir. 2000). These factors are not established here. The amendment of the original petition is not a significant change of circumstances that justifies the appointment of counsel.

Petitioner also indicates that the "clerk" who has assisted him is being transferred to another institution. This does not persuade the court to appoint counsel because the issues raised by the petitioner, as amended, are straightforward and are sufficiently argued in the materials already before the court.

Second, a refusal to appoint counsel is not an abuse of discretion when the claims made for habeas relief are meritless. <u>Anderson v. Attorney General of Kansas</u>, 425 F.3d 853, 861 (10th Cir. 2005). As explained below, petitioner's claims lack merit.

Petitioner's request for additional time to reply to the response to the "identical offense" claim also shall be denied. As detailed later in this opinion, the "identical offense" claim is not a constitutional claim and does not warrant habeas relief. Permission to amend the original petition to add the claim could have been denied on the grounds of futility. See <u>Bradley v. Val-Mejias</u>, 379 F.3d 892, 901 (10th Cir. 2004). For the same reason, the court shall deny petitioner's motion for additional time to reply to the supplemental response.

IV. STANDARDS OF REVIEW AND PROCEDURAL DEFAULT

When reviewing matters which were decided in state court proceedings, the court may not grant a § 2254 petition unless petitioner shows that "the state court's adjudication of the claim 'resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law,

as determined by the Supreme Court of the United States.'" Frost v. Pryor, 749 F.3d 1212, 1223 (10th Cir. 2014)(quoting § 2254(d)(1)). A state court decision is an "unreasonable application" of Supreme Court precedent if the state court unreasonably applies the correct governing rule to the facts of the prisoner's case; the application must be so unreasonable that "'there is no possibility fairminded jurists could disagree that the state court's decision conflicts with [the Supreme] Court's precedents.'" Id. (quoting Harrington v. Richter, 131 S.Ct. 770, 786 (2011)). This is an intentionally difficult standard to meet. Id.

This court cannot grant a state prisoner's habeas petition on the basis of a claim which has not been exhausted in state court. Id. at 1231 (citing § 2254(b)(1)). This means, the state prisoner "must give state courts 'one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process.'" Id. (quoting O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999)). There are two exceptions to the procedural default of unexhausted claims: 1) if the prisoner has alleged sufficient cause for failing to raise the claim and resulting prejudice; and 2) if denying review would result in a fundamental miscarriage of justice because the petitioner has made a credible showing of actual innocence. Id.

V. PETITIONER'S CLAIM OF DUPLICITOUS CHARGES DOES NOT WARRANT HABEAS RELIEF.

Petitioner argues that the charges of attempted first degree murder and aggravated battery on a law enforcement officer were duplicitous and that this violated petitioner's constitutional rights. The court shall reject this argument for two reasons. First, as respondent notes, petitioner has failed to raise this issue for review by the state appellate courts. Therefore, petitioner is procedurally barred from bringing this claim in an application under § 2254 unless he can demonstrate "cause and prejudice or a fundamental miscarriage of justice." Cummings v. Sirmons, 506 F.3d 1211, 1224 (10th Cir. 2007) cert. denied, 554 U.S. 907 (2008)(interior quotation omitted). No such showing is evident here.

Second, even if the duplicity claim was not procedurally defaulted, it should be denied because it lacks merit. The Tenth Circuit has explained that: "The dangers of duplicity are three-fold: (1) A jury may convict a defendant without unanimously agreeing on the same offense; (2) A defendant may be prejudiced in a subsequent double jeopardy defense; and (3) A court may have difficulty determining the admissibility of evidence." U.S. v. Trammell, 133 F.3d 1343, 1354 (10th Cir. 1998). Petitioner has not argued or demonstrated that even one of these dangers was present during his trial. The jury

instructions and the verdict form indicate clearly that the jury unanimously agreed upon two charges of attempted second degree murder which was a lesser included offense to attempted first degree murder. No threat of double jeopardy is shown on this record. And there was no evidentiary problem caused by the alternative charges raised in this case. In sum, petitioner suffered no unfairness or violation of his constitutional or federal law rights because of the alleged duplicitous charges.

VI. PETITIONER'S CLAIM OF SENTENCING INEQUITY DOES NOT MERIT HABEAS RELIEF.

Petitioner contends that he is entitled to habeas relief because under the state sentencing system existing at the time of his conviction and sentence, the crimes of attempted first degree murder and attempted second degree murder were both treated as level 1, person felonies. A year later, the Kansas Legislature changed the sentencing law to make attempted second degree murder a level 3, person felony. Petitioner's trial counsel filed a motion for a durational departure and argued for such relief at the petitioner's sentencing hearing. But, the arguments were rejected by the sentencing judge.

Petitioner makes the broad claim that the failure to correct petitioner's "inequitable sentence" violated his constitutional rights. But, petitioner does not specify what provision of the Constitution or of federal law was violated.

The sentencing judge followed the state law.  This is not disputed.  The court has reviewed the transcript of the sentencing hearing.  Petitioner received a fair hearing.  The fact that a person convicted of attempted first degree murder could have received the same sentence and the fact that the State Legislature later changed the law to adjust the possible penalty, do not raise a constitutional claim.  Dockins v. Hines, 374 F.3d 935, 940 (10th Cir. 2004)(there is no constitutional right to retroactive application of more lenient sentencing rules); Dennis v. Poppel, 222 F.3d 1245, 1258 (10th Cir. 2000) cert. denied, 534 U.S. 887 (2001)(challenges to state trial court's sentencing decision are not generally constitutionally cognizable, unless the sentence imposed is outside statutory limits or unauthorized by law); Murray v. Cowley, 913 F.2d 832, 834 (10th Cir. 1990) cert. denied, 498 U.S. 1098 (1991)(subsequent change in Oklahoma second degree murder statute does not entitle habeas petitioner to relief).

A writ of habeas corpus may be issued only when a petitioner's custody is in violation of the Constitution or laws of the United States.  § 2254(a).  Petitioner's claim of sentencing inequity fails to show a constitutional or federal law violation.

VII.   PETITIONER'S IDENTICAL OFFENSE CLAIM DOES NOT WARRANT HABEAS RELIEF.

Petitioner's last argument for habeas relief is that his due process rights were violated when the sentencing court failed to sentence petitioner pursuant to the identical offense doctrine. Petitioner claims that the charges of attempted second-degree murder and aggravated battery against a law enforcement officer are identical and that under Kansas law the lesser penalty for the two crimes should have been applied.

This argument shall be rejected for the following reasons. First, the state court of appeals held that attempted second-degree murder and aggravated battery against a law enforcement officer are separate, not identical, crimes. Brown v. State, 2011 WL 3795475 *2 (Kan.App. 8/26/2011)(citing State v. Burke, 2009 WL 1858247 (Kan.App. 6/26/2009)). This is a reasonable construction of state law. The court has no authority to turn this aside upon an application for a writ of habeas corpus. Estelle v. McGuire, 502 U.S. 62, 67-68 (1991)(federal habeas court may not reexamine state court determinations on state law questions); Dennis, 222 F.3d at 1257 (federal court is bound to accept state court's construction of its statutes).

Second, but related to the first reason, petitioner's identical offense claim does not present a federal constitutional or federal law violation. In United States v. Batchelder, 442 U.S. 114, 123-25 (1979), the Court held that there was no constitutional right to a lesser penalty when two

applicable statutes proscribe identical conduct.  A claim for habeas relief was denied in Ellis v. Estep, 2010 WL 2692171 *20 (D.Colo. 7/6/2010) where the court held that the Equal Protection Clause was not violated when the state trial court chose a more severe penalty for conduct which transgressed two statutes that had different punishments.  Similarly, in State v. Harp, 156 P.3d 1268, 1272 (Kan. 2007), the court rejected an identical offense argument construed as being made under the state habeas statute - K.S.A. 60-1507 - because the argument raised a nonconstitutional claim.[2]  This case authority persuades the court that the identical offense claim should be denied.

VIII. CONCLUSION

For the above-stated reasons, petitioner's application for habeas relief shall be denied.  The court also denies petitioner's motion for reconsideration (Doc. No. 20) and petitioner's motion for continuance (Doc. No. 21).

IX.  CERTIFICATE OF APPEALABILITY

Rule 11 of the Rules Governing Section 2254 Cases in the United States District Courts instructs that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant."  Pursuant to 28 U.S.C. § 2253, the court may issue a certificate of

---

[2] Relief was ultimately granted in Harp on state law grounds because the application for relief was treated as a direct appeal under Kansas case law providing exceptions to rules defining the timeliness of appeals.  156 P.3d at 1273-74.

appealability "only if the applicant has made a substantial showing of the denial of a constitutional right," and the court "indicates which specific issue or issues satisfy [that] showing." A petitioner can satisfy that standard by demonstrating that the issues raised are debatable among jurists, that a court could resolve the issues differently, or that the questions deserve further proceedings. Slack v. McDaniel, 529 U.S. 473, 483-84 (2000)(citing Barefoot v. Estelle, 463 U.S. 880, 893 (1983)). The court concludes that a certificate of appealability should not issue in this case. Nothing suggests that the court's ruling resulting in the dismissal of this action is debatable or incorrect. The record is devoid of any authority suggesting that the Tenth Circuit Court of Appeals would resolve the issues in this case differently. A certificate of appealability shall be denied.

IT IS, THEREFORE, BY THE COURT ORDERED the petition for habeas corpus is dismissed and all relief is denied.

IT IS FURTHER ORDERED petitioner's motions for reconsideration and for continuance (Docs. 20 and 21) are denied.

IT IS FURTHER ORDERED a certificate of appealability is denied.

Copies of this order shall be transmitted to the parties.

**IT IS SO ORDERED.**

DATED this 11th day of February, 2015, at Topeka, Kansas.

                                                S/ Sam A. Crow

                                                SAM A. CROW
                                                U.S. Senior District Judge